cc order, docket, letter of remand to Los Angeles Superior Court, Chatsworth No. 08H01677

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-6469 ODW (PJWx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | *HSBC Bank USA as the Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 v. Nina Khashan* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Tanya Durant | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):** **Order Sua Sponte REMANDING Action for Lack of Subject Matter Jurisdiction**

Defendant Nina Khashan removed this unlawful detainer action from California state court on October 1, 2008. She claims this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. While Defendant has not filed a cross-complaint, her Notice of Removal and Answer contain certain counterclaims/affirmative defenses pursuant to 42 U.S.C. 1983, the American Housing Rescue and Foreclosure Act, the Federal Housing Finance Reform Act of 2007, and the Fifth and Fourteenth Amendments to the United States Constitution. After a careful examination of Plaintiff's original Complaint, however, it is clear that this action should not have been removed from state court.

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

First, Defendant offers no authority for the proposition that Plaintiff's unlawful detainer action under California law creates a federal cause of action, and nothing in the case law and relevant statutes implies such a right. "[A] long and unbroken line of Supreme Court decisions holds that [a complaint in ejectment] presents no federal question . . . even when a plaintiff's claim of right or title is founded on a federal statute, patent or treaty." *Fort Mojave Tribe v. Lafollette*, 478 F.2d 1016, 1018 n.3 (9th Cir. 1973) (citation omitted). Defendant does not explain how the present case is any different.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6469 ODW (PJWx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | *HSBC Bank USA as the Trustee for Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 v. Nina Khashan* | | |

  Second, Defendant attempts to invoke federal question jurisdiction based on an anticipated defense or counterclaim; namely, that Plaintiff has not complied with the American Housing Rescue and Foreclosure Act and other federal laws while attempting to acquire the subject property.  However, "arising under" jurisdiction is determined by examining the claims and disputes necessarily alleged in Plaintiff's well-pleaded complaint, not by divining a defense grounded in federal law.  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) ("[A] defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (internal quotation marks and citation omitted); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (a federal defense does not confer federal jurisdiction over a plaintiff's state-law claim)).

  Here, Defendant removed this action on the false assumption that her references to federal law in her Notice of Removal would create federal jurisdiction.  There has not been a proper showing of how *Plaintiff's* Complaint establishes jurisdiction, however.  In fact, the Court has itself scoured Plaintiff's Unlawful Detainer Complaint and has found no basis for federal jurisdiction.  Accordingly, this action was improperly removed and is hereby REMANDED.[1]

  IT IS SO ORDERED.

|  | -- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | TMD |

---

[1] In addition to the aforementioned, it appears that Defendant's removal was untimely.  The records indicate that Defendant was served on July 24, 2008.  And, although Defendant argues that she was improperly served, she filed an Answer in state court on August 6, 2008.  Pursuant to 28 U.S.C. 1446(b), Defendant was required to file her Notice of Removal within 30 days of being served.  Thirty days after July 24, 2008 is August 25, 2008.  Defendant filed her Notice of Removal on October 1, 2008.  Even if the Court were to use the August 6, 2008 Answer date as the operative date, Defendant's October 1st filing was still untimely.  Accordingly, not only does this Court lack jurisdiction over this matter, Defendant's removal was untimely and could be remanded on that ground alone.